UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ERNEST J. WASHINGTON** | ] | |
|     **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:10-1011** |
| | ] | **Judge Trauger** |
| **WILLIAM STEWART** | ] | |
|     **Defendant.** | ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Adult Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Dr. William Stewart, a physician at the jail, seeking damages.

Two years ago, the plaintiff was shot in the left leg. The bullet from this shooting remains in the plaintiff's leg. The plaintiff's leg goes numb and causes him a considerable amount of pain. Dr. Stewart has examined the plaintiff and prescribed Motrin for his discomfort.

The plaintiff's leg continues to bother him. He has asked the defendant for an x-ray of the leg but the defendant has refused to refer him for one. The plaintiff believes that the defendant has denied him adequate medical care and that he is guilty of medical malpractice.

In order to establish a claim for relief under § 1983, the

plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976).

In this case, the plaintiff admits that Dr. Stewart has prescribed medication to ease his pain. In addition, an attachment to the complaint shows that the plaintiff has, because of his condition, been assigned to a bottom tier bunk and has the use of crutches. Thus, the defendant has not been deliberately indifferent to plaintiff's medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to

prove every element of a § 1983 cause of action. Consequently, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge